7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hung C. NGUYEN, Petitioner-Appellant,
v.
Bobby BOONE, Respondent-Appellee.
 No. 93-6128.
 United States Court of Appeals,
Tenth Circuit.
 Oct. 1, 1993.
 
 ORDER AND JUDGMENT[1]
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 
 
 1
 This matter is before the court on Petitioner's application for a certificate of probable cause and request for leave to proceed in forma pauperis. We issue a certificate of probable cause, grant Petitioner's request to proceed in forma pauperis, and proceed to the merits of the appeal.
 
 
 2
 Petitioner, an individual of Vietnamese ancestry, plead guilty to armed robbery before a district court of the state of Oklahoma. Subsequent to his sentencing, he filed a habeas corpus action, alleging that his constitutional rights were violated by his attorney's decision that a translator was unnecessary at his plea allocution and sentencing hearing. He claimed that he possessed insufficient knowledge of the English language to make his plea intelligent and voluntary. He further claimed that he misunderstood the possible length of the sentence which could be imposed on him.
 
 
 3
 The district court denied the writ, concluding that the assistance of the interpreter was unnecessary, and that Petitioner's plea was intelligent and voluntary. This court affirmed in an unpublished Order and Judgment. Nguyen v. Reynolds, No. 90-6270 (10th Cir. Feb.12, 1991).
 
 
 4
 Petitioner now brings a second writ, arguing (1) that the prior determination was erroneous, (2) that he can explain away several facts which the district court relied on in dismissing his prior petition, and (3) that he did not get meaningful review of the prior petition because of ineffective assistance of an inmate law clerk. The district court dismissed this action as a successive petition pursuant to Sanders v. United States, 373 U.S. 1 (1963) and McCleskey v. Zant, 111 S.Ct. 1454 (1991). Petitioner appeals.[2]
 
 
 5
 The successive nature of this petition was thoroughly discussed in the magistrate judge's report and recommendation and in the order of the district court. Both concluded that Petitioner has failed to establish the "fundamental miscarriage of justice" required by McCleskey, 111 S.Ct. at 1470-71. We have reviewed their reasoning and find no error.
 
 
 6
 We AFFIRM the judgment of the district court.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Petitioner makes no mention in his brief of the alleged ineffective assistance of his inmate law clerk. We therefore do not address this issue